UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA CHESHIER,<br><br>        Plaintiff,<br><br>  v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>        Defendant. | No.  1:14-cv-01265-GEB-SKO<br><br><br>**RELATED CASE ORDER** |
| CARL WOODRUFF and PENNY WOODRUFF,<br><br>        Plaintiffs,<br><br>  v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>        Defendant. | No.  2:14-cv-01890-WBS-CKD |

      Defendant filed a "Notice of Related Cases" in which it states: "the [above-referenced] action[s] involve[] similar questions of fact and the same question of law . . . and [their] assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise." (Notice of Related Cases 1:3-8, ECF No. 13.) Defendant further

1

states:

> On August 11, 2014, plaintiff Deanna Cheshier commenced [Case No. 1:14-cv-01265-GEB-SKO] against Lilly. The operative complaint alleges that plaintiff suffered injuries as a result of her use of Cymbalta. The complaint alleges causes of action for (1) negligence; (2) strict product liability – design defect; (3) strict product liability – failure to warn; (4) strict product liability; (5) negligent misrepresentation; (6) fraud; (7) breach of implied warranty; and (8) violation of Business and Professions Code §§ 17200, et seq. The gravamen of the claims is that defendant Lilly failed to warn about the risks associated with cessation of Cymbalta.
>
> On August 11, 2014, plaintiffs Carl Woodruff and Penny Woodruff commenced the action styled Carl Woodruff, et al., v. Eli Lilly and Company, (E.D. Cal. Case No. 2:14-cv-01890-WBS-CKD) against Lilly. The operative complaint alleges that plaintiffs suffered injuries as a result of Carl Woodruff's use of Cymbalta. The complaint alleges causes of action for (1) negligence; (2) strict product liability – design defect; (3) strict product liability – failure to warn; (4) strict product liability; (5) negligent misrepresentation; (6) fraud; (7) breach of implied warranty; (8) violation of Business and Professions Code §§ 17200, et seq., and (9) loss of consortium. The gravamen of the claims is that Lilly failed to warn about the risks associated with cessation of Cymbalta. . . .
>
> As evidenced above, both cases call for a determination of the same or substantially related or similar questions of law and fact. As such, litigating these cases separately in two different courtrooms will create substantial duplication of labor for the judges assigned to each respective case and may result in inconsistent rulings. Accordingly, the cases should be related and transferred to a single judge for further proceedings.

(Id. at 1:12-2:10.)

2

Examination of the above-entitled actions reveals they are related within the meaning of Local Rule 123. Under the regular practice of this Court, related cases are generally assigned to the judge and magistrate judge to whom the first filed action was assigned. Therefore, action 2:14-cv-01890-WBS-CKD is reassigned to District Judge Garland E. Burrell, Jr. and Magistrate Judge Sheila K. Oberto for all further proceedings, and any date currently set in the reassigned case is VACATED. Henceforth the caption on documents filed in the reassigned case shall show the initials "GEB-SKO."

Further, a Status Conference is scheduled in 2:14-cv-01890 before the undersigned judge on February 23, 2015, at 9:00 a.m. A joint status report shall be filed no later than fourteen (14) days prior.[1]

The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Dated:  January 23, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.