1

2

3

4                    UNITED STATES DISTRICT COURT

5                    EASTERN DISTRICT OF CALIFORNIA

6

7   DEANNA CHESHIER,                    No.  1:14-cv-01265-GEB-SKO

8            Plaintiff,

9     v.                               **STATUS (PRETRIAL SCHEDULING)
                                        ORDER**
10  ELI LILLY AND COMPANY, an
    Indiana corporation,
11
             Defendant.
12

13

14

15          The status (pretrial scheduling) conference scheduled

16  for hearing on February 23, 2015, is vacated since the parties'

    Joint Status Report filed on February 9, 2015 ("JSR") indicates
17
    the following Order should issue.
18
            SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT
19
            No further service, joinder of parties or amendments to
20
    pleadings is permitted, except with leave of Court for good cause
21
    shown.
22
                                DISCOVERY
23
            All discovery shall be completed by May 26, 2016.
24
    "Completed" means all discovery shall be conducted so that any
25
    dispute relative to discovery shall have been resolved by
26
    appropriate orders, if necessary, and, where discovery has been
27
    ordered, the order has been complied with on or before the
28
                                   1

1  prescribed "completion" date.

2        Each party shall comply with Federal Rule of Civil
3  Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure
4  requirements on or before February 26, 2016, and any
5  contradictory and/or rebuttal expert disclosure authorized under
6  Rule 26(a)(2)(D)(ii) on or before March 25, 2016.

7  <u>MOTION HEARING SCHEDULE</u>

8        The last hearing date for a motion is July 25, 2016,
9  commencing at 9:00 a.m. Any motion shall be briefed as prescribed
10  in Local Rule 230.

11        The parties are cautioned that an untimely motion
12  characterized as a motion in limine may be summarily denied.

13  <u>FINAL PRETRIAL CONFERENCE</u>

14        The final pretrial conference is set for September 26,
15  2016, at 2:30 p.m. The parties are cautioned that the lead
16  attorney who WILL TRY THE CASE for each party shall attend the
17  final pretrial conference. In addition, all persons representing
18  themselves and appearing in propria persona must attend the
19  pretrial conference.

20        The parties shall file a JOINT pretrial statement no
21  later than seven (7) calendar days prior to the final pretrial
22  conference. **The joint pretrial statement shall address the**
23  **applicable portions of Local Rule 281(b), and shall set forth**
24  **each theory of liability ("claim") and affirmative defense which**
25  **remains to be tried, and the ultimate facts on which each**
26  **theory/defense is based.** Furthermore, each party shall estimate
27  the length of trial. The Court uses the parties' joint pretrial

28

1   statement to prepare its final pretrial order and could issue the

2   final pretrial order without holding the scheduled final pretrial

3   conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir.

4   1999) ("There is no requirement that the court hold a pretrial

5   conference.").

6          Final pretrial procedures are "critical for 'promoting

7   efficiency and conserving judicial resources by identifying the

8   real issues prior to trial, thereby saving time and expense for

9   everyone.'" Friedman & Friedman, Ltd. v. Tim McCandless, Inc.,

10  606 F.3d 494, 498 (8th Cir. 2010) (quoting Fed. R. Civ. P. 16

11  Advisory Committee Note (1983 Amendment to subdivision (c)).

12  "Toward that end, Rule 16 directs courts to use pretrial

13  conferences to weed out unmeritorious claims and defenses before

14  trial begins." Smith v. Gulf Oil Co., 995 F.2d 638, 642 (6th Cir.

15  1993). The parties are therefore provided notice that a claim or

16  affirmative defense may be dismissed *sua sponte* if it is not

17  shown to be triable in the joint final pretrial statement. Cf.

18  Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662

19  F.2d 641, 645 (9th Cir. 1981) (indicating that a party shall be

20  provided notice and an opportunity to respond with facts

21  sufficient to justify having a claim or affirmative defense

22  proceed to trial); Portsmouth Square, Inc. v. S'holders

23  Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985) (stating "the

24  district court has . . . authority to grant summary judgment *sua*

25  *sponte* in the context of a final pretrial conference").

26         If feasible, at the time of filing the joint pretrial

27  statement counsel shall also email it in a format compatible with

28  WordPerfect to: geborders@caed.uscourts.gov.

1                                 TRIAL SETTING

2            Trial shall commence at 9:00 a.m. on December 6, 2016.

3            IT IS SO ORDERED.

4    Dated:  February 12, 2015

5

6                                   _____

7                                   GARLAND E. BURRELL, JR.
                                    Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28