UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA CHESHIER,<br><br>        Plaintiff,<br><br>    v.<br><br>ELI LILLY AND COMPANY, an Indiana Corporation,<br><br>        Defendant. | No. 1:14-CV-01265-GEB-SKO<br><br>No. 2:14-CV-01890-GEB-SKO<br><br>**ORDER DENYING EACH PLAINTIFF'S MOTION TO TRANSFER VENUE** |
| CARL WOODRUFF and PENNY WOODRUFF,<br><br>        Plaintiffs,<br><br>    v.<br><br>ELI LILLY AND COMPANY, and Indiana corporation,<br><br>        Defendant. | |

       Each Plaintiff moves under 28 U.S.C. § 1404(a) for an order transferring venue to the Southern District of Indiana, where Defendant Eli Lilly and Company ("Defendant") is headquartered. Section 1404(a) prescribes: "For the convenience of parties and witnesses, in the interest of justice, a district

court may transfer any civil action to any other district or division where it might have been brought . . . ."

> A motion to transfer venue under section 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. For example, the court may consider: (1) the location where the relevant [events occurred], (2) the state most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the cost of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-499 (9th Cir. 2000).

The essence of each Plaintiff's argument is that the motion should be granted because his or her case is among forty-seven "Cymbalta actions" filed in twenty-nine district courts and that venue transfer would prevent the "needlessly burdensome" task of "individually litigating this volume of cases," reduce costs, and increase efficiency. (Cheshier Docket Reply 6:3-7, ECF No. 26; Woodruff Docket Reply 6:3-7, ECF No. 23.). Plaintiffs allege they suffered injury from discontinuing use of Cymbalta, a drug manufactured and marketed by Defendant, and that this injury was caused by Defendant's failure to adequately warn of the potential effects of withdrawal from Cymbalta.

Defendant counters Plaintiffs have not sustained their burden of showing that transferring venue is in the interests of justice. Specifically, Defendant argues:

> a predominance of factors militate in favor

>           of maintaining venue in the Eastern District
>           of California — including . . . access to and
>           convenience of key third-party witnesses and
>           potential ability to compel the presence of
>           these key witnesses at trial; and the
>           interest of the state of California in the
>           adjudication of disputes brought by its
>           citizens by experienced California-based
>           jurists.

(Cheshier Docket Opp'n 10:24-11:1, ECF No. 25; Woodruff Docket Opp'n 10:24-11:1, ECF No. 22.)

Each Plaintiff fails to show that the balance of the transfer of venue factors favors granting his or her requested transfer. Therefore, each motion is DENIED.

Dated: April 9, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge